# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1470


**GLENDA SAVOY**

**VERSUS**

**ST. LANDRY PARISH SCHOOL BOARD**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 07-09032
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy and J. David Painter, Judges.

**AFFIRMED.**

**Cooks, J., Dissents.**

> **A. Gerard Caswell**
> **Post Office Box 1600**
> **Eunice, LA   70535**
> **(337) 457-7378**
> **COUNSEL FOR DEFENDANT/APPELLEE:**
> > **St. Landry Parish School Board**
>
> **Glenda Savoy**
> **280 Babineaux Road**
> **Church Point, LA   70525**
> **(337) 543-7656**
> **In Proper Person**

AMY, Judge.

It is undisputed that the claimant sustained a work-related injury. She was being treated by a physiatrist and filed suit, seeking the employer's approval to see another physiatrist. The workers' compensation judge denied the request, finding that the claimant was not entitled to be examined by another physician in the same specialty at the employer's cost. The claimant appeals, arguing that she was not seeking a second doctor's opinion; rather she was referred to one by her first doctor after he dismissed her as a patient. For the following reasons, we affirm.

## Factual and Procedural Background

The record indicates that the claimant, Glenda Savoy, was a cafeteria manager for the defendant, St. Landry Parish School Board, when she sustained injuries to her neck after picking up a stack of plates in the dishwashing room. She received compensation benefits and was treated by Dr. Daniel Hodges for several years. The vocational rehabilitation records (FARA records) show that during her treatment, Dr. Hodges, on more than one occasion, released her to do sedentary to light duty work on a trial basis. In relation to these employment opportunities presented to the claimant, Dr. Hodges stated in his deposition that "it just seems that every time we come up with a solution, there's some sort of, you know, reason why she can't do that."

The testimony of the claimant and Dr. Hodges reveals that the claimant was visibly upset and stormed out of one of the rehabilitation conferences; however, the reason behind this action is disputed. The claimant argues that she was upset because the vocational rehabilitation counselor continuously presented her with jobs that she was incapable of performing due to her lack of computer proficiency and discomfort

while driving. The defendant, however, argues that the outburst was a result of a discussion regarding the claimant returning to work.

In the claimant's medical records, Dr. Hodges noted on August 30, 2007:

> At this point, she would like to be assessed by another rehabilitation physician. I will go ahead and refer her to Dr. Steve Rees in Opelousas. She is a bit upset that I will not put her completely and totally disabled. We will go ahead and give her a three month supply of medication and make the referral to Dr. Rees's office.

Further, Dr. Hodges sent correspondence to the claimant following the August visit, stating: "It has been brought to my attention that you wish to seek further pain management with another physiatrist. Due to this request, I am discharging you from my care."

The claimant, however, alleges that she did not seek out the services of another physiatrist. Rather, she claims that there was a conflict regarding whether Dr. Hodges was permitting her to go back to work, and in an effort to resolve the conflict, she "asked [Dr. Hodges] for an assessment with another physician to determine [her] level of disability in order for [her] to try to obtain some gainful employment." She contends that she did not seek further pain management care, as she did not even know that Dr. Rees was a physiatrist. She asserts, instead, that Dr. Hodges referred her to another physiatrist, and, after said referral, Dr. Hodges dismissed her as a patient. Accordingly, the claimant asserts that she is entitled to see Dr. Rees at the employer's expense.

The employer, however, contends that the claimant was only dismissed from Dr. Hodges' care because she wished to see another doctor; thus, the referral "wasn't a referral by Dr. Hodges in the true sense of the word . . . ." Accordingly, the employer argues that because Dr. Hodges was the claimant's choice of physician, the

claimant is not authorized to see another doctor in the same specialty without the employer's prior consent pursuant to La.R.S. 23:1121(B)(1).

The claimant filed a disputed claim for compensation, seeking the defendant's authorization and payment of treatment with Dr. Rees. The workers' compensation judge rejected the claimant's request, finding that the claimant was attempting "to dictate treatment" with Dr. Hodges and wanted a new physician when Dr. Hodges' orders did not comply with her wishes.

The claimant appeals, assigning as error the trial court's determination that the defendant was not required to approve her change of physician, particularly in light of the fact that Dr. Hodges dismissed her and referred her to another physiatrist.

**Discussion**

Louisiana Revised Statutes 23:1121(B)(1) provides:

> The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S.23:1124(B), when denied his right to an initial physician of choice. After his initial choice the employee shall obtain prior consent from the employer or his workers' compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another filed or specialty.

The record indicates that the claimant selected Dr. Daniel Hodges as her treating physician in the field of pain management and/or physiatry. According to La.R.S. 23:1121(B), she must obtain prior consent from the defendant or its compensation carrier in order to seek treatment from a physician in the same specialty, namely Dr. Rees. The claimant argues that she was not trying to obtain treatment from another physiatrist, particularly since she did not even know who Dr. Rees was or what he specialized in. Further, she asserts that Dr. Hodges provided conflicting statements regarding her ability to return to work and that her request for

3

a second opinion was with regard to her level of disability, not a request for treatment with another pain management specialist. Finally, she contends that Dr. Hodges dismissed her, refused to accept her as a patient again, and because the defendant would not authorize further treatment, she is without medical care.

The defendant avers that the claimant "is not entitled to a physician of the same specialty, a second one, unless there is a legitimate and good cause." Further, it argues that "this is not a case of a need to see a doctor in a [sic] of the same specialty. It is a desire, simply by the plaintiff to do so, because she is not happy with the result or the opinions being given by the physician . . . ."

The workers' compensation judge found that the claimant was "dictating treatment." In regard to the claimant's discharge from Dr. Hodges' care, she stated: "[the claimant] interfered with the doctor/client relationship. . .[a]nd if Dr. Hodges felt strongly enough about it, felt that the interference was sufficient to make him not want to continue treatment, that's not the type of circumstance where I typically allow a second choice in the same field of specialty." Accordingly, the workers' compensation judge denied the request for a new choice of a physician.

Workers' compensation judges' determinations of fact will not be disturbed on review absent manifest error. *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357 (La.1992). In light of the fact that Dr. Hodges discharged the claimant due to her "wish to seek further pain management care with another physiatrist" and stated that "she is a bit upset that I will not put her completely and totally disabled," we do not find that the workers' compensation judge erred in denying the claimant's request. *See Wiley v. Kenneth Parker Logging*, 97-1247 (La.App. 3Cir. 3/6/98), 711 So.2d 297, wherein the court found that the claimant was not entitled to treatment by another physician

4

in the same specialty merely because the first physician released him to return to work.

**DECREE**

For the foregoing reasons, the judgment denying the claimant's request for treatment with another physiatrist at the employer's cost is affirmed. All costs of this proceeding are assessed to the claimant, Glenda Savoy.

**AFFIRMED.**

GLENDA SAVOY

VERSUS

ST. LANDRY PARISH SCHOOL BOARD

COOKS, J., dissents.


It is a fact Dr. Hodges, for whatever reason or misunderstanding, now refuses to treat the claimant. She is entitled to select a physician willing to continue her care and treatment.